### PATRICK GIRARTHY *v.* GEORGE W. CAMPBELL.

One who has contracted for a building has no right, by cancelling his contract with the undertakers, to disappoint the expectations of persons, who, on the faith of the contract, have entered into engagements to furnish the latter with materials, or to bestow their labor on the work.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Lockett* and *Micou*, for the plaintiff.

*G. Strawbridge*, for the appellant.

MARTIN, J. The petition states that Davidson, who was the undertaker of a house which the defendant had employed him to build, contracted with the plaintiff to furnish flag stones, and to lay them as a *banquette* or side-walk, in front of the house : that accordingly he furnished and laid the stones, for which, by the terms of his contract with Davidson, he is entitled to $450, which sum he demanded first from Davidson, and afterwards from Campbell, without success : that before his work was completed, Davidson and Campbell, without the plaintiff's knowledge, cancelled and annulled the contract into which they had entered for the building of the house, payments having, in the meanwhile, been made, in anticipation, to the former by the latter, to a greater amount than the present claim of the plaintiff, of which claim the defendant had notice, and the amount of which he retained in his hands in settling with Davidson : that the payment thus made in anticipation cannot be opposed to the plaintiff, whose right to a privilege on any sum which might hereafter become due to Davidson on the final completion of his undertaking, could not be affected by the defendant's and Davidson's annulling and cancelling their contract to the plaintiff's injury. The defendant pleaded the general issue. There was a judgment against him, and he has appealed. It does not appear to us that the First Judge erred. His judgment is grounded on evidence establishing the assumption of the plaintiff's claim by the defendant, and clearly proving the amount of that claim. The testimony further shows, that after Davidson withdrew from his engagement with the defendant, the

latter urged the plaintiff to complete the paving which he had begun; and the work being stopped because the lime and sand which Davidson had engaged to furnish were not sent, the defendant had them brought, to enable the plaintiff to proceed with his work.

It also appears to us clear, that when a person contracts for the building of a house, he has not a right, by cancelling his contract with the undertaker, to disappoint the hopes of those who, on the faith of the contract, have entered into engagements to furnish him with materials, or bestow their labor on the work, especially when the materials have been furnished to a considerable extent.

*Judgment affirmed.*